J-S17029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ERIC C. PICKENS | |
| Appellee | No. 2532 EDA 2016 |

Appeal from the Order Entered July 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: MC-51-CR-0010578-2016

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 24, 2017**

The Commonwealth appeals from the July 18, 2016 order entered in the Court of Common Pleas of Philadelphia County, denying the Commonwealth's motion to refile charges against Appellee, Eric C. Pickens ("Pickens").  Following review, we vacate and remand.

Pickens was arrested and charged with firearms violations, terroristic threats, simple assault, and recklessly endangering another person ("REAP") following an April 13, 2016 incident between Pickens and his neighbor, the complainant, Luis Ayala ("Ayala").[1]  At an April 28, 2016 preliminary hearing

---

[1] 18 Pa.C.S.A. §§ 6106(a)(1) (firearms not to be carried without a license); 6108 (carrying firearms on public streets or public property in Philadelphia); 2706(a)(1) (terroristic threats); 2701(a)(1) (simple assault); and 2705 (REAP).

before the Honorable Marvin L. Williams, Ayala testified that he was changing a tire on his van when Pickens approached him, pointed a gun at him, and said he would "smoke" Ayala if Ayala ever touched his car again. N.T., 4/28/16, at 4-7. Ayala called the police to report the incident as soon as Pickens walked away. *Id.* at 13.

In the course of Ayala's cross-examination, Pickens' counsel advised Judge Williams that Pickens was a security guard. *Id.* at 10. When the Judge asked if Pickens had a license to carry, his counsel responded, "I'm sorry, a CA. I believe it's in the --." *Id.* at 11. The prosecutor interjected, "Act 235 card, but that is not a license to carry." *Id.*[2] The Judge acknowledged that such a card would permit the cardholder to carry his gun "straight home, straight to work." *Id.* at 10-11.

The Commonwealth's second and final witness was the detective who executed a search warrant on Pickens' residence. The detective testified that he secured a gun from Pickens' residence but the gun was not loaded and no magazine or ammunition was found in the residence. *Id.* at 16-20. At the conclusion of the hearing, Judge Williams dismissed all charges

---

[2] *See* Lethal Weapons Training Act, 22 P.S. § 41 *et seq.* "The back of the Act 235 card indicates that the card is not a license to carry a lethal weapon, but the card needs to be carried by an individual to whom it is issued while armed with a lethal weapon and while on duty or going to and from duty." *Commonwealth v. Mitchell*, 81 Pa. D. & C.4th 75 (Montgomery Co. 2007).

against Pickens without stating a reason for his ruling on the record. *Id.* at 21.

The Commonwealth filed a motion to refile the charges. A hearing on the motion was held on July 18, 2016 before the Honorable Tracy Brandeis-Roman. The prosecutor explained that the issue in the case was whether Pickens, with an Act 235 card, "was permitted to have his firearm on the streets of Philadelphia at the time that he had pointed the firearm and ma[de] threats towards his neighbor, the complaining witness in this case." N.T., 7/18/16, at 4. At the conclusion of the hearing, Judge Brandeis-Roman denied the Commonwealth's request to refile, believing she did not have the ability to overturn Judge Williams' ruling because they were based on his credibility determinations relating to the complaining witness. *Id.* at 12-14. This timely appeal followed.

In its Rule 1925(b) statement of errors complained of on appeal, the Commonwealth posited, "[T]he lower court erred in refusing to allow refiling of charges, on the basis of insufficient evidence for a prima facie case, where a witness testified at the preliminary hearing that [Pickens] pointed a handgun at him and threatened to shoot him." Rule 1925(b) Statement, 8/4/16, at 1. In response, Judge Brandeis-Roman filed a Rule 1925(a) opinion stating,

> On appeal, the Commonwealth asserts that this [c]ourt erred in affirming the dismissal of charges, where a witness testified at the preliminary hearing that [Pickens] pointed a handgun at him and threatened to shoot him. Upon further

consideration and review of the record, it is this [c]ourt's opinion that the facts set forth in the record demonstrate that the Commonwealth has met its burden, and the charges should be refiled.

At the preliminary hearing, evidence was presented that was sufficient to establish a prima facie case on all charges. The complaining witness did testify that [Pickens] pointed a gun at him and threatened him. (See, N.T. April 28, 2016, at pp. 5-6.)[1] This testimony was sufficient to demonstrate a *prima facie* case, thus satisfying the Commonwealth's threshold burden. This [c]ourt had believed that the basis for the dismissal of charges at the preliminary hearing was a matter of credibility, and that such a finding could not be overturned. However, upon further review, this [c]ourt has now correctly concluded that credibility determinations for preliminary hearings are not applicable.

[1] While there may be several trial issues with respect to the alleged firearms violations, including potential affirmative defenses to these charges, such issues are not properly before this [c]ourt at this time.

Rule 1925(a) Opinion, 9/28/16, at 1-2 (citing ***Commonwealth v. McCullough***, 86 A.3d 901 (2014) (credibility is not a factor in determining whether Commonwealth has established prima facie case at preliminary hearing)).

The Commonwealth presents a single issue on appeal:

Did the lower court err in denying the refiling of the charges against [Pickens] on the basis of insufficient evidence for a *prima facie* case, where the Commonwealth established at the preliminary hearing that [Pickens] pointed a gun at the victim and threatened to shoot him?

Commonwealth Brief at 4.

"[T]he evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an

- 4 -

appellate court's review is plenary." ***Commonwealth v. Karetny***, 880 A.2d 505, 513 (Pa. 2005).

> At the preliminary hearing stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt. A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury.

***Id.*** at 513-14 (citations omitted). "In determining the presence or absence of a *prima facie* case, inferences reasonably drawn from the evidence of record that would support a verdict of guilty are to be given effect, but suspicion and conjecture are not evidence and are unacceptable as such." ***Commonwealth v. Packard***, 767 A.2d 1068, 1071 (Pa. Super. 2001) (citation omitted).

The Commonwealth asks us to reverse the trial court's order in light of that court's acknowledgement that credibility determinations are not appropriate at the preliminary hearing stage and its concession that the evidence was sufficient to establish a *prima facie* case of the crimes charged. Pickens, in response, does not contest the conclusion that credibility is not a factor at the preliminary hearing stage. Further, Pickens does not argue that the evidence was insufficient to establish a *prima facie* case on two charges:

carrying firearms on Philadelphia streets and simple assault.[3]  Pickens does assert the evidence was insufficient to support the remaining charges of firearms not to be carried without a license, terroristic threats, and REAP.

Regarding the charge of carrying a firearm without a license, as the Commonwealth recognizes, Pickens "admitted through his counsel that he only had an 'Act 235' card, not a license."  Commonwealth Reply Brief at 6 (citing N.T., 4/28/16, at 10-11).  Therefore, the evidence was sufficient to establish a *prima facie* case that Pickens carried his gun without a license. *Id.* (citing **Commonwealth v. McBride**, 595 A.2d 589, 592 (Pa. 1991) (Commonwealth's use of evidentiary inference to establish *prima facie* element of crime was proper).  **See also Packard**, 767 A.2d at 1071 (inferences reasonably drawn from the evidence of record may be given effect if they would support a verdict of guilty).  The fact counsel was asked if Pickens was licensed to carry and acknowledged in response that he had an Act 235 card, which is not a license to carry, supports the inference Pickens did not have a license to carry.  Therefore, we agree with the

_____

[3] In light of Pickens' apparent concession that the evidence was sufficient to establish a *prima facie* case of firearms on the streets of Philadelphia and simple assault, we simply note our conclusion that evidence from the preliminary hearing was sufficient to show that Pickens was on the streets/sidewalks of Philadelphia when he pointed his gun at Ayala (18 Pa.C.S.A. § 6108) and that he attempted to cause bodily injury to Ayala (18 Pa.C.S.A. § 2701(a)).

Commonwealth that the evidence was sufficient to establish a *prima facie* case of carrying a firearm without a license.

Pickens also contends the evidence was insufficient to support a *prima facie* case for terroristic threats under 18 Pa.C.S.A. § 2701(a)(1), which provides that "[a] person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to [] commit any crime of violence with intent to terrorize another[.]" Here, Ayala testified that Pickens pulled a gun from his waistband, pointed it at his torso and knees from approximately two and a half feet away, and said he would "smoke" Ayala if he ever touched his car again. N.T., 4/28/16, at 5-6. We agree with the Commonwealth that Pickens' verbal threat made while pointing a gun at Ayala at short range was sufficient to establish a *prima facie* case of terroristic threats. ***See, e.g., Commonwealth v. McCalman***, 795 A.2d 412, 418 (Pa. Super. 2002) (defendant's use offensive language in conjunction with pointing a gun sufficient to support terroristic threats charge).[4]

Pickens also argues that the evidence was insufficient to support a *prima facie* case of REAP. A person commits REAP "if he recklessly engages in conduct which places or may place another person in danger of death or

---

[4] Pickens contends that the gun located at his residence was not loaded. We see no significance in this fact as it does have any bearing on whether it was loaded at the time Pickens threatened Ayala or whether Pickens' conduct was sufficient to establish a *prima facie* case of terroristic threats.

serious bodily injury." 18 Pa.C.S.A. § 2705. Pickens claims that his gun was not loaded when it was located in his residence so it must have been unloaded when he pointed it at Ayala. The fact the gun was unloaded at a later time is irrelevant and, again, the court may give effect to reasonable inferences to infer the existence of crucial elements, even in absence of direct evidence. **See also Packard**, 767 A.2d at 1071; **McBride**, 595 A.2d at 592. We find the evidence was sufficient to support a *prima facie* case of REAP.

We conclude the evidence was sufficient to support a *prima facie* case of all crimes charged. Therefore, we vacate the trial court's July 18, 2016 order and remand for further proceedings consistent with this Memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2017