595 A.2d 589
**COMMONWEALTH of Pennsylvania, Appellant,**
v.
**Robert McBRIDE, Appellee.**
Supreme Court of Pennsylvania.
Argued April 8, 1991.
Decided Aug. 1, 1991.

Ronald Eisenberg, Chief, Appeals Div., Gaele McLaughlin Barthold, Deputy Dist. Atty., Frances Gerson, Philadelphia, for appellant.

A. Charles Peruto, Jr., Frank M. Spina, II, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION

McDERMOTT, Justice.

In this appeal the Commonwealth seeks reversal of the order of the Superior Court affirming the order of the Court of Common Pleas of Philadelphia County which quashed the criminal information filed against appellee, Robert McBride. 401 Pa.Super. 643, 577 A.2d 651.

 Following a preliminary hearing in Philadelphia Municipal Court, appellee was held for trial on the charge of criminal trespass.[1] On December 22, 1988, appellee filed in the Court of Common Pleas of Philadelphia County a Motion to Quash the Return of Transcript ("Motion to

**1.** Criminal trespass is defined in our Crimes Code at 18 Pa.C.S. § 3503, which provides in relevant part that "[a] person commits an offense if, knowing that he is not licensed or privileged to do so, he ... breaks into any building or occupied structure." 18 Pa.C.S.

Quash"),[2] asserting that the evidence offered at the preliminary hearing was insufficient to establish a *prima facie* case as to a crucial element of the crime of criminal trespass: that element being the lack of privilege or license to enter the subject premises. On March 1, 1989, the Honorable Anthony J. DeFino, of the Court of Common Pleas of Philadelphia County, based on the transcript from the preliminary hearing, granted the motion to quash. Thereafter, the Commonwealth filed a petition for reconsideration and requested the matter be reopened and listed for argument. The court granted the petition and vacated its previous order. Following argument, the court reinstated its original order granting appellee's motion to quash and determined that the evidence presented by the Commonwealth at the preliminary hearing failed to establish a *prima facie* case.

█ The Commonwealth appealed this decision to the Superior Court.[3] That court affirmed by *per curiam* order. The Commonwealth filed a petition for allowance of appeal, which we granted. We are now called upon to resolve the issue of whether the Commonwealth introduced sufficient evidence to allow the preliminary hearing court to infer the existence of a material element of this crime.

The testimony adduced at the preliminary hearing consisted of one Commonwealth witness, William Martin, who testified that on December 8, 1988, he was walking down the street on his way to the store. The record reflects that the time of day was late afternoon. He came upon appellee

§ 3503(a)(1)(ii). Section 3503(a)(3) defined "breaks into" as "[t]o gain entry by force, breaking, intimidation, unauthorized opening of locks . . . "

**2.** A defendant may challenge the sufficiency of the evidence presented by the Commonwealth at the preliminary hearing by filing a motion for a Writ of Habeas Corpus in Common Pleas Court. In Philadelphia County, this motion is generally referred to as a Motion to Quash the Return of Transcript. *See Commonwealth v. Cartagena,* 482 Pa. 6, 393 A.2d 350 (1978).

**3.** An order dismissing criminal charges prior to trial is appealable by the Commonwealth. *See Commonwealth v. Hess,* 489 Pa. 580, 414 A.2d 1043 (1980).

and one Myron Lloyd in a parked automobile.[4] Sometime later, upon returning from the store and while standing on the corner talking with friends, Martin noticed Lloyd and appellee drive up and stop in front of the house of the victim, Lucille James. Martin then testified that appellee stepped from the car with a drawn handgun and walked to the house. Appellee kicked the front door approximately three times but the door did not open. Appellee then went around the house to the back door and kicked at this door.[5] This attempt was successful: the door came off its hinges. Appellee, gun in hand, entered the building. The police were summoned and a short time later appellee was arrested.

This testimony was the only evidence offered at the preliminary hearing. Defense counsel elected not to cross-examine the witness and immediately moved to dismiss the charges. The Commonwealth, in response, argued that while it did not offer direct evidence that appellee was without permission to enter the house, the circumstantial evidence was sufficient under the law for the court to infer from the facts that appellee was neither licensed nor privileged to enter the building.

The basic principles of law with respect to the purpose of a preliminary hearing are well established. The preliminary hearing is not a trial. The principal function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention. *Commonwealth v. Mullen*, 460 Pa. 336, 333 A.2d 755 (1975). At this hearing the Commonwealth bears the burden of establishing at least a *prima facie* case that a crime has been committed and

---

4. At this point, Martin attempted to testify as to what was said between Lloyd and himself, however, a defense objection was sustained by the court.

5. Additionally, the Commonwealth sought to have Martin testify as to what appellee said to one of Martin's friends when asked what he was doing. To this question appellee replied that it was "none of your f——ing business, mind your f——ing business, because you ain't got nothing to do with this." It is unclear from the transcript whether the court sustained a defense hearsay objection to what was asked of appellee by the neighbor or as to appellee's reply.

that the accused is probably the one who committed it. *Commonwealth v. Prado*, 481 Pa. 485, 393 A.2d 8 (1978); Pa.R.Crim.P. 141(d). It is not necessary for the Commonwealth to establish at this stage the accused's guilt beyond a reasonable doubt. *Commonwealth v. Rick*, 244 Pa.Super. 33, 366 A.2d 302 (1976). In order to meet its burden at the preliminary hearing, the Commonwealth is required to present evidence with regard to each of the material elements of the charge and to establish sufficient probable cause to warrant the belief that the accused committed the offense. *Commonwealth v. Wojdak*, 502 Pa. 359, 466 A.2d 991 (1983).

In the present case the Commonwealth relied upon the testimony of William Martin that appellee forcibly entered the premises with a drawn gun to permit the presiding judge to infer the existence of a crucial element, i.e., the lack of permission or privilege to enter.[6] The use of inferences is a process of reasoning by which a fact or proposition sought to be established is deduced as the logical consequence from the existence of other facts that have been established. *Commonwealth v. Whitman*, 199 Pa.Super. 631, 186 A.2d 632 (1962). "An inference is no more than a logical tool enabling the trier of fact to proceed from one fact to another, if the trier believes that the weight of the evidence and the experiential accuracy of the inference warrant so doing." *Commonwealth v. Shaffer*, 447 Pa. 91, 105–06, 288 A.2d 727, 735–36, *cert. denied*, 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972).

6. At this point one naturally questions why the Commonwealth did not have the owner of the home, Ms. James, take the stand at the preliminary hearing and testify to this element. All that can be gleaned from this record is that at the preliminary hearing defense counsel made a comment that he had a statement from Ms. James to the effect that she was not willing to testify. At the hearing before the trial court, however, the Commonwealth, when asked by the court why it could not get the owner to testify, represented to the court that her testimony might come at trial but not at this level of the proceedings. We make mention of this fact not as a critical comment upon the Commonwealth's case but rather merely to explain this apparent omission. We note, however, that Ms. James did file the initial complaint with the police in this matter.

■ In *Commonwealth v. McFarland,* 452 Pa. 435, 308 A.2d 592 (1973), this Court set forth the test for reviewing evidentiary inferences:

> Evidentiary inferences, like criminal presumptions, are constitutionally infirm *unless* the inferred fact is "more likely than not to flow from the proved fact on which it is made to depend." *Turner v. United States,* 396 U.S. 398 [90 S.Ct. 642, 24 L.Ed.2d 610] (1970); *Commonwealth v. Shaffer,* 447 Pa. 91, 288 A.2d 727 (1972); *Commonwealth v. Swiatkowski,* 446 Pa. 126, 285 A.2d 490 (1971); *Commonwealth v. Owens,* 441 Pa. 318, 271 A.2d 230 (1970).

*McFarland, id.* 452 Pa. at 439, 308 A.2d at 594 (emphasis supplied). *See also, Commonwealth v. Wojdak, supra.*[7]

■ Applying these legal principles to the specific facts of this case, we are convinced that the lower courts were in error in determining that the quantum of evidence available to the preliminary hearing judge was insufficient to require appellee to stand trial on the charge of criminal trespass. Although the Commonwealth did not present direct evidence that appellee was without permission to enter the home, it did offer compelling circumstantial evidence to establish this fact. The evidence available to the court that enabled it to logically infer that appellee lacked license or privilege to enter the building was straightforward and uncomplicated: appellee approached the house

7. We note that circumstantial evidence and the inferences to be drawn therefrom can support a conviction under the more stringent standard of proof beyond a reasonable doubt. *See e.g., Commonwealth v. Breakiron,* 524 Pa. 282, 571 A.2d 1035 (1990) *cert. denied,* — U.S. —, 111 S.Ct. 224, 112 L.Ed.2d 179 (1990); *Commonwealth v. Pronkoskie,* 498 Pa. 245, 445 A.2d 1203 (1982). *See also, Commonwealth v. Lovette,* 498 Pa. 665, 670, 450 A.2d 975, 977 (1982) *cert. denied,* 459 U.S. 1178, 103 S.Ct. 830, 74 L.Ed.2d 1025 (1983) ("The fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence.") In the present case the Commonwealth's burden was considerably less; to wit, to demonstrate that there existed probable cause to believe that appellee was without permission or privilege to enter the subject premises.

with a drawn handgun [8] and succeeded in gaining entry to the house only after repeatedly kicking the front and then the back door, to the point where the door flew off its hinges. Given these events, it was both logical and reasonable for the preliminary hearing judge to infer that appellee lacked permission to enter.[9] A judge at a preliminary hearing is not required, nor is he authorized to determine the guilt or innocence of an accused; his sole function is to determine whether probable cause exists to require an accused to stand trial on the charges contained in the complaint. *Commonwealth v. Prado, supra.* In the instant case, the Commonwealth's use of this evidentiary inference to establish a *prima facie* nonprivileged entry was entirely proper. Therefore, we hold that the trial court was in clear error in granting appellee's motion to quash the charge of criminal trespass.

Accordingly, the order of the Superior Court is reversed and the case is remanded to the Court of Common Pleas of Philadelphia County for further proceedings not inconsistent with this opinion.

ZAPPALA, J., files a concurring opinion.

ZAPPALA, Justice, concurring.

While I am joining the majority opinion, I am doing so only because this case is at the preliminary hearing stage of

---

**8.** While the notes of testimony of both hearings establish that appellee, a Pennsylvania State Police Officer, was holding a handgun, the record reveals, specifically the complaint, that the weapon in question was a semi-automatic weapon. This suggests that appellee was not using his service-issued weapon but rather a personal gun during this incident.

**9.** It is significant to note that neither defense counsel nor the trial court were impressed by the fact that during this incident appellee was armed with a gun. For that matter, counsel suggests that this very factor renders meritless the Commonwealth's reliance on this fact to establish a lack of privilege or license to enter. We totally reject this argument as untenable. The fact that appellee was a trained law enforcement officer of this Commonwealth and exhibited this type of misconduct should have indicated to the trial judge that appellee's actions were illegal. If appellee had reasoned that he somehow had permission to enter the house in this manner by virtue of his status as a police officer, he was sorely mistaken.

the criminal proceeding. As such, the Commonwealth only needed to establish a *prima facie* case. From my review of the record, that is in fact all the Commonwealth established. For this reason, I join in the majority opinion.