## Commonwealth v. Pasquariello

*William E. McDonald, assistant district attorney,* for the Commonwealth.
*Michael E. Moyer,* for defendant.

LAVELLE, *P.J.,* March 19, 1992—In this drunk driving case, defendant's motion to quash challenges the sufficiency of the Commonwealth's evidence before the district justice. We have reviewed the preliminary hearing transcript, as well as the briefs and arguments of counsel and we shall grant the motion.

### COMMONWEALTH'S EVIDENCE

On the night of September 18, 1991, a little after 10 p.m., Brant Crow was driving home on Hazard Road in the Borough of Palmerton when he momentarily picked up with his headlights the defendant, Thomas Pasquariello, driving a garden tractor with no lights in his lane of travel. Mr. Crow veered into the other lane of travel to avoid hitting defendant. After arriving home, Mr. Crow called the Palmerton police.

Patrolman Nathan Ziegenfuss responded to the call at 10:26 p.m. Upon arriving in the area, Officer Ziegenfuss observed a garden tractor parked against a telephone pole in the parking lot of the Final Score Bar. The two left-side wheels of the tractor were on the road and the two right-side wheels rested on the curb. Officer Ziegenfuss accosted defendant as he was exiting the bathroom in the Final Score Bar. He noticed a strong odor of alcohol on defendant's breath, glassy eyes and a staggering gait and thereupon arrested defendant for DUI.

Officer Ziegenfuss transported defendant to the Palmerton hospital where defendant refused to take a blood test.

## DISCUSSION

In addressing the motion to quash, we must determine whether the Commonwealth met its burden to present sufficient evidence at the preliminary hearing to show probable cause to warrant the belief that defendant committed the crime of driving under the influence on September 18, 1991. See *Commonwealth v. McBride,* 528 Pa. 153, 595 A.2d 589 (1991).

The Commonwealth had to establish that defendant was driving, operating or was in actual physical control of the movement of his vehicle on the highway while:

"(1) under the influence of alcohol to a degree which rendered him incapable of safe driving;..." 75 Pa.C.S. §3731(a)(1).

Here, the Commonwealth's case is based entirely on circumstantial evidence. Circumstantial evidence is testimony about facts which point to or lead the fact finder to infer the existence of other facts which are in question.

In *Commonwealth v. McBride,* 528 Pa. 153, 595 A.2d 589 (1991), the Supreme Court stated:

"The use of inferences is a process of reasoning by which a fact or proposition sought to be established is deduced as the logical consequence from the existence of other facts that have been established. An inference is no more than a logical tool enabling the trier of fact to proceed from one fact to another, if the trier believes that the weight of the evidence and the experiential accuracy of the inference warrants so doing." (citations omitted)

The Commonwealth would have us infer defendant was operating the garden tractor while under the influence because he was seen driving the garden tractor in the wrong lane of travel, it was not properly parked at the Final Score Bar, he appeared intoxicated at a bar some 30 minutes later after he was seen driving the tractor, and he refused a blood test. Common sense and experience tell us, however, that an inebriated operation of the lawn tractor by defendant does not logically flow from these facts.

Defendant could have been in the wrong lane of travel on Hazard Road because he lost control of the tractor, because he was inattentive or because he had no lights. He also could have been crossing the road to get to the other side when he was briefly observed in the wrong lane of travel. We could endlessly speculate as to why the tractor was parked erratically. Did it unexpectedly run out of gas? Did the tractor drift there from a parked position elsewhere? Did someone else push it there?

The most crucial evidence in the case was defendant's intoxicated appearance. But the evidence forms the weakest link in the chain of circumstances. Officer Ziegenfuss observed the indicia of intoxication some

30 minutes after defendant was seen driving on Hazard Road. The observation is made in a barroom. There was plenty of time for defendant to consume several drinks at the bar before Officer Ziegenfuss arrived. It is more likely that he came under the influence of alcohol there and not at some earlier time.

Finally, his refusal to take a blood test is not sufficient to warrant the belief that defendant was intoxicated while driving. It is more probable that defendant refused the blood test because he was aware that he was intoxicated from the alcohol he consumed *after* arriving at the Final Score Bar and knew the blood test would confirm this.

Considering the totality of the evidence here, it is more likely than not that a sober defendant drove to the Final Score Bar for some drinks on a garden tractor which he could not operate very well in the dark and after quickly consuming alcohol at the bar came under its influences. See *PennDOT v. Mulholland,* 107 Pa. Commw. 213, 527 A.2d 1123 (1987); *Fierst v. Commonwealth,* 115 Pa. Commw. 251, 539 A.2d 1389 (1988).

Whether we look at the evidence separately or collectively, to conclude therefrom that defendant was driving his garden tractor on Hazard Road at about 10 p.m. while under the influence of alcohol requires a blind faith in the police officer rather than reasonable probability.

The court recognizes the importance of prosecuting drunk drivers and removing them from our roadways. Conjecture or a guess, however, cannot be permitted to form the basis for that prosecution.

Accordingly, we enter the following

## ORDER OF COURT

And now, March 19, 1992, defendant's motion to quash the criminal information is granted.