## Commonwealth v. Temple

C.P. of Centre County, no. 2004-1342.

*Karen Kuebler,* for Commonwealth.
*Stacy Parks Miller,* for defendant.

BROWN JR., *P.J.,* December 22, 2004—Before the court is defendant Edward Temple's omnibus pretrial motion in the form of a petition for writ of habeas corpus and motion to quash information; said petition is granted. The court determines the Commonwealth did not provide sufficient evidence to support a prima facie case against defendant on the charge of fleeing or attempting to elude a police officer, 75 Pa.C.S. §3733(a).

## PROCEDURAL HISTORY

On July 1, 2004, defendant was charged with fleeing or attempting to elude a police officer, 75 Pa.C.S. §3733(a). After the preliminary hearing on July 28, 2004, the district justice found a prima facie case exists regarding this charge. On September 20, 2004, defendant

filed the instant omnibus pretrial motion. Defendant maintains the Commonwealth failed to establish a prima facie case as to the charge of fleeing or attempting to elude a police officer, 75 Pa.C.S. §3733(a), and disorderly conduct, 18 Pa.C.S. §5503(a)(4), because the Commonwealth is unable to show defendant was operating his vehicle on a "highway" or "trafficway" as required by 75 Pa.C.S. §3103(b). A hearing on this matter was held October 25, 2004. Both parties have submitted briefs for the court's consideration.

## DISCUSSION

On July 1, 2004, defendant was charged with fleeing or attempting to elude a police officer, 75 Pa.C.S. §3733(a) and disorderly conduct, 18 Pa.C.S. §5503(a)(4) by Officer Thomas E. Snyder of the Patton Township Police Department. Police were responding to a noise complaint in the former K-Mart parking lot. Defendant was approached by the officer and was asked to present identification, which defendant provided. After defendant and Officer Snyder spoke about whether defendant was free to leave, defendant proceeded to get into his vehicle and drove toward the parking lot entrance/exit, leaving his ID with the officer. A second officer was called to the parking lot, who blocked the entrance/exit with his vehicle, preventing defendant from leaving.

The Commonwealth has the burden of establishing a prima facie case that a crime has been committed and that the accused is probably the one who committed it. *Commonwealth v. McBride,* 528 Pa. 153, 157-58, 595 A.2d 589, 591 (1991). To meet its burden, "the Com-

monwealth is required to present evidence with regard to each of the material elements of the charge and to establish sufficient probable cause to warrant the belief that the accused committed the offense." *Id.* at 158, 595 A.2d at 591. "Evidentiary inferences, . . . are constitutionally infirm *unless* the inferred fact is 'more likely than not to flow from the proved fact on which it . . . depend[s].' " *Id.* at 159, 595 A.2d at 591. (emphasis in original) The "more-likely-than-not" test is a minimum standard in assessing the reasonableness of inferences relied upon to establish a prima facie case. *Commonwealth v. Wojdak,* 502 Pa. 359, 369, 466 A.2d 991, 996 (1983). Defendant argues the Commonwealth failed to present sufficient evidence to establish a prima facie case on the charge of fleeing or attempting to elude a police officer, 75 Pa.C.S. §3733(a). The offense is defined as, "[a]ny driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits a misdemeanor of the second degree." 75 Pa.C.S. §3733(a).

Defendant points out, pursuant to 75 Pa.C.S. §3101(b), the provisions of chapter 37, subchapter B (which includes 75 Pa.C.S. §3733(a)), only apply when they take place upon "highways and trafficways throughout this Commonwealth." The Commonwealth concedes the incident did not occur on a highway, therefore such term need not be addressed. Trafficway, as defined in 75 Pa.C.S. §102, is "the entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom."

Defendant was in the former K-Mart parking lot. The parking lot surrounds a single building which was at one time a K-Mart. K-Mart has been out of business for approximately two years. No other business has occupied the building since K-Mart went out of business. At the entrance of the parking lot, there are two signs, one which reads, "Private property, no trespassing." The other warns violators will be towed. Based on the signs and the fact that the parking lot is not open to the public for vehicular travel, defendant argues the Commonwealth cannot establish the parking lot is a trafficway, as defined in 75 Pa.C.S. §102.

The Commonwealth provided the court with several cases where courts have held a parking lot, open to the public in a limited manner, is a trafficway within the meaning of the Vehicle Code. The court, however, is not convinced the old K-Mart parking lot is "open to the public for purposes of vehicular travel as a matter of right or custom."

The Commonwealth provided no evidence establishing the parking lot was open to the public even in a limited fashion. The lot has no trespassing signs posted, not just to keep certain people off of the property, but to keep the entire public from ingress and egress.

Based upon the foregoing, the court determines the Commonwealth has failed to establish the parking lot falls within the definition of trafficway, 75 Pa.C.S. §102. Therefore, a prima facie case has not been established against defendant on the charge of fleeing or attempting to elude police officer, 75 Pa.C.S. §3733(a).

Defendant's omnibus motion maintains the Commonwealth failed to establish a prima facie case as to the

offense of disorderly conduct, 18 Pa.C.S. §5503(a)(4). However, defendant did not address this charge in his brief and provides no case law to support such a contention. Therefore, the court will not address the merits of this argument. *Young v. Washington Hospital,* 761 A.2d 559, 561 n.3 (Pa. Super. 2000).

Accordingly, the following is entered:

### ORDER

And now, December 22, 2004, upon consideration of defendant Edward Temple's omnibus pretrial motion and after oral argument, said motion is granted in part. The charge of fleeing or attempting to elude a police officer, 75 Pa.C.S. §3733(a) shall be dismissed from the criminal information.

Defendant's motion regarding the charge of disorderly conduct, 18 Pa.C.S. §5503(a)(4), is denied. The court determines there is sufficient evidence to support a prima facie case on this charge.