**Commonwealth v. Walton**

C.P. of Centre County, no. CP-14-CR-1466-2009.

*Karen Kuebler,* for Commonwealth.
*Joseph L. Amendola,* for defendant.

GRINE, *J.,* December 3, 2009—Presently before the court is defendant Luke A. Walton's petition for writ of habeas corpus. Defendant claims that the Commonwealth did not meet its burden of establishing a prima facie case. After reviewing the facts and evidence relevant to this petition the court denies the defendant's petition for writ of habeas corpus.

## CONCLUSIONS OF LAW

(1) "The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime." *Commonwealth v. Jackson,* 849 A.2d 1254, 1257 (Pa. Super. 2004) (citing *Commonwealth v. Wojdak,* 502 Pa. 359, 466 A.2d 991 (1983)).

(2) "At the pretrial stage of a criminal prosecution, it is not necessary for the Commonwealth to prove the defendant's guilt beyond a reasonable doubt, but rather, its burden is merely to put forth a prima facie case of the defendant's guilt." *Commonwealth v. Huggins,* 575 Pa. 395, 402, 836 A.2d 862, 866 (2003) (citing *Common-*

*wealth v. McBride,* 528 Pa. 153, 157-58, 595 A.2d 589, 591 (1991)). (emphasis in original)

(3) "The evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to go to the jury." *Id.* (citing *Commonwealth v. Marti,* 779 A.2d 1177, 1180 (Pa. Super. 2001)).

(4) A person is guilty of aggravated assault if the victim suffered serious bodily injury and the injury was inflicted intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to that value of human life or the defendant intended to cause serious bodily injury to another. 18 Pa C.S. §2702.

## DISCUSSION

On or about July 31, 2009 defendant allegedly assaulted Matthew Kenney outside of the Phyrst Bar in State College, Pennsylvania. Defendant allegedly threw Kenney to the ground and kicked him in the head. Kenney was unconscious for a period of time. Kenney suffered a broken nose and required treatment at Mount Nittany Medical Center Emergency Room.

"At the pretrial stage of a criminal prosecution, it is not necessary for the Commonwealth to prove the defendant's guilt beyond a reasonable doubt, but rather, its burden is merely to put forth a prima facie case of the defendant's guilt." *Commonwealth v. Huggins,* 575 Pa. 395, 402, 836 A.2d 862, 866 (2003) (citing *Commonwealth v. McBride,* 528 Pa. 153, 157-58, 595 A.2d 589, 591 (1991)). (emphasis in original) A person is guilty of

aggravated assault if the victim suffered serious bodily injury and the injury was inflicted intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to that value of human life or the defendant intended to cause serious bodily injury to another. 18 Pa C.S. §2702. In order to meet the burden of a prima facie case "[t]he evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to go to the jury." *Id.* (citing *Commonwealth v. Marti,* 779 A.2d 1177, 1180 (Pa. Super. 2001)). Here if all the facts in evidence are accepted as true, then it is clear that a prima facie case has been made against defendant for aggravated assault. Defendant allegedly kicked the victim in the head, which demonstrates an obvious intention to cause serious bodily injury. Therefore the court denies defendant's petition for writ of habeas corpus.

## ORDER

And now, December 3, 2009 upon consideration of defendant's petition for writ of habeas corpus, it is ordered that said petition is denied.