## Commonwealth v. Lillibridge

C.P. of Lawrence County, no. 1288 of 2009.

*Luanne Parkonen,* for Commonwealth.
*Michael A. Frisk Jr.,* for defendant.

COX, *J.,* December 3, 2010—Before the court for disposition is the motion for writ of habeas corpus filed on behalf of the defendant Larry G. Lillibridge, which argues that the Commonwealth failed to produce sufficient evidence to establish the defendant was driving while under the influence of alcohol and drugs as the Commonwealth was required to present expert testimony regarding the effects and interactions of the alleged intoxicants.

On October 9, 2009, the defendant drove to McDonald's in Ellwood City, Lawrence County, Pennsylvania, during the late-night shift, which was 11:00 p.m. to 4:00 a.m., and he attempted to order food by utilizing the drive thru. John McCloskey, an employee of McDonald's, was receiving orders from the drive thru during the late-night shift. The defendant attempted to place an order with Mr. McClosky; however, the meal he wanted was not available on the late-night menu. The defendant attempted to place the same order several more times before changing his order and pulling to the next window. The defendant rolled down his window and Mr. McCloskey gave him the total for his purchase. Next, the defendant asked Mr. McCloskey if he was the "smart ass" on the speaker. Mr. McCloskey answered in the affirmative and the defendant threatened to have Mr. McCloskey fired or to physically assault him. Mr. McCloskey subsequently informed the defendant that the preparation time for his meal was six minutes. At that

time, Mr. McCloskey noticed that the defendant's speech was slurred, he was agitated and there was a strong odor of alcohol. While parked in the drive thru, the defendant exited his vehicle and retrieved something from his trunk, which prompted Mr. McCloskey to call the Ellwood City Police Department. While Mr. McCloskey was on the telephone with dispatch, the defendant proceeded to move his vehicle forward into the parking lot without being instructed to do so. Mr. McCloskey also observed that the defendant's behavior was becoming more erratic and he was more agitated.

Officer Jon Disher of the Ellwood City Police Department, who has been employed as a patrolman for 15 years, was dispatched to McDonald's. When he arrived, he observed the defendant standing by the trunk of the vehicle.

Officer Disher approached the defendant and asked why he was there and if there was a problem. The defendant explained that he got into an argument with an employee of McDonald's and was waiting for that employee to exit the restaurant. Officer Disher observed that the defendant appeared to be intoxicated as he smelled of alcohol, his eyes were bloodshot and glassy, he was stumbling and his speech was slurred. The defendant also informed the police officer that he had a tire iron in his trunk and he was waiting for the employee to exit the restaurant so the defendant could fight him. Officer Disher then administered three field sobriety tests, consisting of the horizontal gaze test, the heel raise test and the heel-to-toe walk test. The defendant failed those tests and the police officer placed him under arrest for driving under the influence. Subsequently, Mr. McClosky identified the defendant as the person who

argued with him at the drive thru window. Officer Disher then transported the defendant to Ellwood City Hospital and the defendant's blood was drawn. The blood test was positive for Diazepam and Nordiazepam. Additionally, the defendant had a blood alcohol content of .074 percent. The defendant was charged with driving under the influence general impairment/incapable of driving safely[1], driving under the influence of a controlled substance[2], disorderly conduct engaged in fighting[3], disorderly conduct obscene language or gesture[4] and disorderly conduct hazardous or physically offensive condition[5].

The defendant has now filed this motion for writ of habeas corpus contending that the Commonwealth has failed to present a prima facie case that the defendant violated 75 Pa.C.S.A. § 3802(a)(1) and (d)(3) as the Commonwealth did not present expert testimony to establish that the defendant was under the influence of a controlled substance. In response, the Commonwealth stated that Officer Disher's stipulated testimony, based upon his 15 years experience, was sufficient to establish that the defendant was incapable of safely operating his vehicle.

Where a criminal defendant seeks to challenge the sufficiency of the evidence presented at his preliminary hearing, he may do so by filing a writ of habeas corpus. *Commonwealth v. McBride*, 528 Pa. 153, 595 A.2d 589 (1995). The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is

---

1. 75 Pa.C.S.A. §3802(a)(1).
2. 75 Pa.C.S.A. §3802(d)(3).
3. 18 Pa.C.S.A. §5503(a)(1).
4. 18 Pa.C.S.A. §5503(a)(3).
5. 18 Pa.C.S.A. §5503(a)(4).

sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime. *Commonwealth v. Fox*, 619 A.2d 327, 332 (Pa. Super. 1993). In a pre-trial habeas corpus proceeding, as in a preliminary hearing, the Commonwealth has the burden of establishing a prima facie case, offering some proof to establish each material element of the offense as charged. *Commonwealth v. Owen*, 580 A.2d 412 (Pa. Super. 1990). This does not mean that the prosecution must prove the accused guilty beyond a reasonable doubt, but rather, the prosecution must establish "sufficient probable cause" that the accused has committed the offense. *Commonwealth v. Prosdocimo*, 479 A.2d 1073 (Pa. Super. 1994). The Commonwealth must present evidence at a preliminary hearing to establish that a crime was committed and the probability the defendant could be connected with the crime. *Fox*, supra. A prima facie case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime and that the accused is probably the perpetrator of that crime. *Commonwealth v. Fountain,* 811 A.2d 24 (Pa. Super. 2002).

The Commonwealth establishes a prima facie case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to a jury. *Commonwealth v. Marti*, 779 A.2d 1177 (Pa. Super. 2001). Additionally, the evidence is to be reviewed in a light most favorable to the Commonwealth and the Commonwealth is entitled to reasonable inferences drawn from the evidence. *Id.* The weight and credibility of the evidence is not a factor at this stage, the Commonwealth need only demonstrate sufficient probable cause to believe

the person charged has committed the offense. *Id.*

In the current matter, the defendant was charged with violations of 75 Pa.C.S.A. §3802(a)(1) and 75 Pa.C.S.A. § 3802(d)(3). 75 Pa.C.S.A. § 3802(a)(1) states, "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." Similarly, 75 Pa.C.S.A. § 3802(d)(3) declares, "The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle."

Intoxication is a matter of common observation and knowledge acquired through experience, which permits the admissibility of lay opinions to establish that the defendant was intoxicated and expert testimony is not required. *Commonwealth v. Horn*, 395 Pa. 585, 590, 150 A.2d 872, 875 (1959). Testimony by police officers is common to establish that a defendant was under the influence of alcohol as alcohol-induced intoxication is not a condition that is outside of the realm of understanding of the ordinary person. *Commonwealth v. Boerner*, 407 A.2d 883, 885-886 (Pa. Super. 1979). Police officers may also testify regarding their opinion as to whether drug-induced intoxication affected the defendant's ability to drive safely, if the police officer is personally familiar with the effects of the drugs. *Commonwealth v. Yedinak*, 676 A.2d 1217, 1221 (Pa. Super. 1996) (citing *People v. Williams*, 44 Cal. 3d 883, 245 Cal. Rptr. 336, 751 P.2d 395 (1988)).

In *Commonwealth v. Dunne*, 690 A.2d 1233 (Pa. Super. 1997), the Court ruled that it was not necessary to have an expert testify as to whether the appellant was driving while under the influence of drugs. In *Dunne*, the police officer observed a vehicle, which was being driven by the appellant, traveling without its headlights activated. The police officer stopped the vehicle and asked the appellant for his driver's license, registration and insurance card. The appellant fumbled with his wallet, but eventually handed those items to the officer. Additionally, the appellant was being belligerent and, when asked to exit the vehicle, the appellant was staggering. The police officer also noticed that the appellant's eyes were glassy. Subsequently, the police officer asked the appellant to perform three field sobriety tests, which the appellant failed. A preliminary breath test indicated that the appellant's alcohol level was .088 percent. The appellant was arrested and taken to the hospital where he submitted to blood and urine tests. When the blood test was administered, the police officer noticed track marks on the appellant's arm, including a "fresh" track mark. The appellant was then transported to the police station. The blood test revealed that the appellant's blood alcohol content was .015 percent and the urine test was positive for amphetamines and methamphetamines. The appellant was eventually convicted of driving while under the influence of a controlled substance and possession of drug paraphernalia. He filed a post-verdict motion for a new trial arguing that the Commonwealth was required to present expert testimony to establish that he was under the influence of drugs to a degree that rendered him incapable of safe driving.

The court explained, citing to *Yedinak*, that there is no

basis to distinguish the admissibility of opinion testimony regarding drug-induced intoxication from opinion testimony of alcohol-induced intoxication in cases where the witness is personally familiar with the effects of narcotics. *Id.*, 690 A.2d at 1238 (quoting *Yedinak,* supra.). The *Dunne* court specifically rejected the rationale that expert testimony was needed to provide the connection between the symptoms observed by the police and the drug that allegedly influenced the appellant's driving. *Id.*, 690 A.2d at 1238. The *Dunne* court held that the trial court did not err by permitting the police officer's opinion testimony that the appellant was under the influence of a controlled substance because "The officer's opinion was based on specific and articulable observations of appellant's physical appearance and behavior, it was helpful to the trier of fact, and a proper foundation was laid to show that [the police officer] was familiar with the effects of narcotics." *Id.*

In the case subjudice, Officer Disher has been employed as a police officer for 15 years, had made prior driving under the influence arrests and based upon that experience he was able to determine that the defendant was intoxicated to a degree which rendered him incapable of safe driving. Officer Disher first observed the defendant standing behind his vehicle in the parking lot of McDonald's. The police officer noticed that the defendant appeared to be intoxicated as he smelled of alcohol, his eyes were bloodshot and glassy, he was stumbling and his speech was slurred. Additionally, Officer Disher conducted three field sobriety tests, which the defendant failed. As a result, the police officer decided to arrest the defendant for driving under the influence. The defendant was transported to Ellwood City Hospital where he submitted to a blood test

that revealed his blood alcohol content was .074 percent. The lab report also indicated that the defendant was under the influence of Diazepam and Nordiazepam. Based upon these facts and the opinion testimony provided by Officer Disher, it is apparent that the Commonwealth has presented sufficient evidence that the defendant was under the influence of alcohol to a degree that rendered him incapable of safe driving in violation of 75 Pa.C.S.A. § 3802(a)(1).

However, there has not been any testimony to indicate that Officer Disher was familiar with the effects of the drugs Diazepam or Nordiazepam. As indicated by the *Dunne* court, police officers are permitted to offer an opinion as to whether a defendant is under the influence of drugs to a degree that rendered him or her incapable of safe driving, if that police officer indicates that he or she is familiar with the effects of the drugs in question. In the current matter, the Commonwealth has not established that Officer Disher has any familiarity with the particular drugs for which the defendant tested positive. Hence, the Commonwealth is not permitted to introduce any opinion testimony from Officer Disher regarding drug-induced intoxication. Without Officer Disher's opinion testimony, the Commonwealth has failed to meet its burden that the defendant was under the influence of alcohol and a combination of drugs to a degree that impaired his ability to safely operate his vehicle. Therefore, the Commonwealth has not established a prima facie case that the defendant violated 75 Pa.C.S.A. § 3802(d)(3).

For the reasons set forth in this opinion, the defendant's motion for writ of habeas corpus is denied in part and granted in part. The Commonwealth has established a

prima facie case that the defendant violated 75 Pa.C.S.A. §3802(a)(1); however, the Commonwealth has not provided the court with sufficient evidence that the defendant violated 75 Pa.C.S.A. § 3802(d)(3).

## ORDER OF COURT

Now this December 3, 2010, this case being before the court on October 26, 2010, for a hearing on the motion for writ of habeas corpus filed by the defendant, with both parties appearing, the Commonwealth of Pennsylvania, represented by counsel, Luanne Parkonen, Esquire, Assistant District Attorney for the County of Lawrence and the defendant, Larry G. Lillibridge, represented by counsel, Michael A. Frisk, Jr., Esquire and after a hearing held, the court enters the following order and it is hereby ordered, adjudged and decreed as follows:

1.  The motion for writ of habeas corpus is hereby granted in part and denied in part.

2.  In accordance with the attached opinion, the charge of driving under the influence of alcohol or controlled substance, under 75 Pa.C.S.A. §3802(d)(3), that being a combination of alcohol and drugs, is hereby dismissed.

3.  In accordance with the attached opinion, the motion for writ of habeas corpus regarding the charge of driving under the influence of alcohol, general impairment - incapable of safe driving under 75 Pa.C.S.A. §3802(a)(1), is hereby denied.

4.  The defendant shall be listed for the January 2011 criminal jury trial term.

5.  The clerk of courts is directed to serve a copy of this

104

order of court upon counsel of record, Luanne Parkonen, Esquire and Michael A. Frisk, Jr., Esquire.