**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOEL REYNALDO HERNANDEZ | : | |
| | : | |
| Appellant | : | No. 1973 MDA 2018 |

Appeal from the Judgment of Sentence Entered October 29, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003690-2018

BEFORE: LAZARUS, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                   **FILED JULY 19, 2019**

Joel Hernandez (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of criminal trespass and simple assault.[1] Upon review, we affirm.

The trial court summarized the underlying facts as follows:

On August 4, 2018, Joel Hernandez ("Appellant") knocked on the door of 420 Maple Street, Reading, PA. Appellant used to live in 420 Maple Street with Yolanda Stevenson ("Yolanda") **but moved out from the house at least three months prior to this offense**. Yolanda, the resident of 420 Maple Street, testified that she was awakened by the knock and that she opened the door for [] Appellant. Yolanda did not want to be bothered by Appellant, who she shared a one year old child with, and stated that she partially closed the door. Appellant then entered 420 Maple Street and got into [a] physical altercation with Yolanda which resulted in swelling in Yolanda's head. After the incident was called in [to police], Officer Christopher Bucklin arrived at the scene. Appellant was sitting on a curb in front of 420 Maple Street

---

[1] 18 Pa.C.S.A. §§ 3503(a)(1)(i) and 2701(a)(1).

---

* Former Justice specially assigned to the Superior Court.

and when he saw Officer Bucklin, he placed his hands over his head and said "it was me, you can take me away." After some inquiry, Officer Bucklin handcuffed [] Appellant and advised [Appellant] of [his] **Miranda** [rights]. When Officer Bucklin asked if Appellant was willing to tell his side of the story, **Appellant told the officer that he kicked the door** and entered 420 Maple Street and punched Yolanda.

Trial Court Opinion, 1/15/19, at 1-2 (citations to notes of testimony omitted, emphasis added).

Appellant was criminally charged as a result of the incident. The case proceeded to trial, and on October 29, 2018, a jury found Appellant guilty of the aforementioned crimes. The same day, the trial court sentenced Appellant to an aggregate 30 to 60 months of incarceration.

The trial court summarized the procedural history that followed:

On November 8, 2018, Appellant, through his counsel, filed a post-sentence motion and in response, on November 13, 2018, this [c]ourt denied the motion. On December 3, 2018, Appellant filed a notice of appeal to the Superior Court and in response, on December 4, 2018, this [c]ourt ordered that a Concise Statement of Errors be filed and served pursuant to Pennsylvania Rules of Appellate Procedure 1925(b).

On December 21, 2018, Appellant, through counsel, filed a Concise Statement of Errors.

Trial Court Opinion, 1/15/19, at 1.

On appeal, Appellant presents a single issue for review:

Whether the Commonwealth failed to present sufficient evidence to support a verdict of Criminal Trespass where the Commonwealth failed to establish, beyond a reasonable doubt, that [Appellant] was not on the lease to the residence, or was otherwise not licensed or privileged to enter.

Appellant's Brief at 5.

Appellant argues that the Commonwealth presented insufficient evidence to prove his criminal trespass conviction beyond a reasonable doubt. Appellant specifically claims that because his name was on the lease of the victim's residence and he was licensed to be there — and the Commonwealth failed to show that "some intervening event" terminated his license or privilege to enter the residence — the evidence was insufficient to support a conviction of criminal trespass.  *See* Appellant's Brief at 10.

In reviewing a challenge to the sufficiency of evidence, our standard of review is well-settled:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty.  Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

> The Commonwealth may sustain its burden by means of wholly circumstantial evidence.  Accordingly, [t]he fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence.  Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa. Super. 2019) (citations omitted). "As the ultimate finder of fact, the jury [is] free to believe some, all, or none of the Commonwealth's evidence. The jury [is also] free to resolve any inconsistencies or discrepancies in the testimony in either party's favor." *Commonwealth v. Jacoby*, 170 A.3d 1065, 1078 (Pa. 2017).

> Section 3503 of the Crimes Code defines criminal trespass:
>
> A person commits an offense if, knowing that he is not licensed or privileged to do so, he . . . gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof[.]

18 Pa.C.S.A. § 3503(a)(1)(i). "[I]n order to prove that [a person] committed criminal trespass, the Commonwealth [must] prove that [a defendant] (1) knew he was not licensed or privileged to enter the [building,] and (2) that he entered the [building]." *Commonwealth v. Jackson*, 10 A.3d 341, 346 (Pa. Super. 2010).

The Commonwealth may prove that a defendant is not licensed or privileged to enter a premises through circumstantial evidence. If the surrounding circumstances demonstrate that a defendant lacks permission to enter a building, "[t]he evidence available to the court enable[s] it to logically infer that [defendant] lacked license or privilege to enter the building . . . ." *Commonwealth v. McBride*, 595 A.2d 589, 592 (Pa. 1991) (concluding that the prosecution offered compelling evidence of lack of privilege and license when the defendant kicked in the door for entry). Additionally, upon entry, a

defendant "must know [that] he is not privileged to enter the premises."

***Commonwealth v. Quintua***, 56 A.3d 399, 402 (Pa. Super. 2012).

Significantly, this Court has explained that the legal analyses of both criminal trespass and burglary convictions are analogous because "both require a finding that the actor lacked [a] license or privilege to enter the building or structure in question. Accordingly, case law interpreting the 'license or privilege' element of burglary is relevant to our analysis of that same element of . . . criminal trespass."[2] ***Commonwealth v. Benito***, 133

---

[2] ***See*** § 3502 Burglary

**(a) Offense defined. —** A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
**(1) (i)** enters a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present and the person commits, attempts or threatens to commit a bodily injury crime therein;
**(ii)** enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;
**(2)** enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present;
**(3)** enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense any person is present; or
**(4)** enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.

**(b) Defense. —** It is a defense to prosecution for burglary if any of the following exists at the time of the commission of the offense:
**(1)** The building or structure was abandoned.
**(2)** The premises are open to the public.
**(3) The actor is licensed or privileged to enter**. (Emphasis added).

A.3d 333, 335 n.3 (Pa. Super. 2016) (citation omitted), ***appeal denied***, 141 A.3d 477 (Pa. 2016).

Evidence of "lack of privilege – and [a defendant's] knowledge thereof – is evidenced by [a defendant's actions]." ***Id.*** at 336. A defendant's use of force to gain entry is probative that the defendant knew he did not have a license or privilege to enter. ***Commonwealth v. Stallworth***, 781 A.2d 110, 118 (Pa. 2001) (affirming burglary conviction where defendant, who was the victim's estranged husband, kicked in the victim's door to gain entry to the home); ***Benito***, 133 A.3d at 336 (affirming criminal trespass conviction where defendant, the victim's husband, also kicked in the door of the victim's residence, evincing his knowledge that he lacked the privilege to enter).

In ***Benito***, the wife was the only leaseholder on the apartment where she and her husband resided. 133 A.3d at 334. When the relationship deteriorated and the husband left the home, the wife told him not to return and changed the locks. ***Id.*** Nonetheless, the husband returned to the apartment, knocked down the door, and forced his way into the apartment. ***Id.*** Under these facts, we found that the actions of the wife revoked the privilege of the husband, and on this basis affirmed the husband's conviction of criminal trespass. ***Id.*** at 336. This Court expressly applied the definition of privilege in the context of a burglary conviction to affirm the criminal trespass conviction, stating:

[A] person is privileged . . . if he may naturally be expected to be on the premises often and in the natural course of his duties or habits. . . . Further, a person who is privileged may still commit burglary if he would not reasonably be expected to be present[.]

*Benito*, 133 A.3d at 335 (footnote and citations omitted).

We further opined:

. . . the evidence adduced at trial, viewed in the light most favorable to the Commonwealth as verdict winner, supports the verdict in this matter. Benito's privilege to be present in the apartment flowed directly from the license granted to him by [his wife]. Once [the wife] repeatedly made it clear to Benito that she did not want him on the premises, his privilege was revoked. This lack of privilege—and Benito's knowledge thereof—is evidenced by the fact that he resorted to kicking in the door to gain entry. *See* [*Commonwealth v.*] *Stallworth*, 781 A.2d [110,] 118 [(Pa. 2001)](citing eyewitness testimony that defendant—victim's estranged husband—had kicked victim's door down as evidence tending to establish "lack of privilege or license" element of crime of burglary).

*Id.* at 336.

Instantly, although Appellant's name was on the lease of the home,[3] the evidence supports the inference that "he would not reasonably be expected to be present." *Id.* at 335. Appellant had not lived at the home for more than three months, and despite being on the lease and having lived at the home, he first attempted to gain entry by knocking. N.T., 10/29/18, at 39, 43. Arguably, by knocking, Appellant evinced his awareness that he was not privileged to enter. After opening the door, the victim partially closed it because she "didn't want to be bothered." *Id.* at 39-40, 43. Appellant then

---

[3] We note that Appellant never introduced the lease into evidence. *See generally*, N.T., 10/29/18, 1-103.

- 7 -

forced his way into the home, punched the victim, and then left the home and sat outside on the curb. *Id.* at 41, 45, 52, 98. When Officer Bucklin arrived, Appellant walked toward the officer, placed his hands over his head and said, "It was me. You can take me away." *Id.* at 52, 54. After being advised of his *Miranda* rights, Appellant stated that he "kicked in the door to **my child's mother's place**[.]" *Id.* at 54 (emphasis added). Notably, Appellant described the home as "my child's mother's place." Also, like the husband in *Benito*, Appellant demonstrated knowledge that he lacked the privilege to enter "by the fact that he resorted to kicking in the door to gain entry." *Benito*, 133 A.3d at 336. On this record, we conclude that the jury could infer that Appellant "lacked [a] license or privilege to enter" the home. *See McBride*, 595 A.2d at 592.

While Appellant also argues that an intervening formal event is necessary to demonstrate the revocation of privilege to enter the home, we are not persuaded. An intervening formal event can illustrate the termination of a license or privilege. *See Commonwealth v. Majeed*, 694 A.2d 336 (Pa. 1997) (holding that appellant lost his license to enter the house as a result of a PFA against him). However, an intervening event is not necessary to terminate a license to enter a residence because an individual can rescind their right by leaving. *Commonwealth v. Baker*, 201 A.3d 791, 798-99 (Pa. Super. 2018) ("Appellant had previously been given a key . . . [but the] change in circumstances and the subsequent unambiguous communication

from the leaseholder establishe[d] sufficient evidence . . . ."); ***Benito***, 133 A.3d 333; ***Commonwealth v. Woods***, 638 A.2d 1013 (Pa. Super. 1994) (finding that appellant and his wife had been living apart and his use of force to gain entry evidenced that he was not licensed or privileged to enter the home). Mindful of the foregoing, we find Appellant's sufficiency argument to lack merit. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2019