J-A10015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADERLY DOMINGUEZ ALVAREZ | : | No. 1551 EDA 2025 |

Appeal from the Order Entered May 23, 2025
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0000218-2025

BEFORE: STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED JUNE 29, 2026**

The Commonwealth appeals an order of the Court of Common Pleas of Monroe County (trial court) granting a motion for *habeas corpus* filed by Appellee, Aderly Dominguez Alvarez, and quashing a count of receiving stolen property (18 Pa.C.S.A. § 3925(a)). Finding from our review of the record and applicable law that the Commonwealth failed to establish a *prima facie* case as to that offense, we affirm.

The relevant facts are as follows. On October 19, 2024, a red Volvo truck (the truck) was reported as stolen by its owner, Oscar Bolanos. About two weeks later, on November 4, 2024, Appellee was pulled over by Trooper Jacob Guzzi while towing the truck on a highway. Appellee only spoke broken English, but during the traffic stop, he was able to make a telephone call to

_____

[*] Former Justice specially assigned to the Superior Court.

his employer, Jairo Rosado, who had assigned him the task of towing the truck.

Within earshot of Appellee, Rosado spoke directly to Trooper Guzzi, explaining that the "owner of the property where [the truck] was stored contacted him to have it removed because it's been there for a couple years." N.T. Hearing, 5/23/2025, at 24. Once Trooper Guzzi received this explanation from Rosado, he resumed his discussion with Appellee, this time through a remote interpreter, Trooper Susan Castillo, who was fluent in both Spanish and English. Trooper Castillo translated the questions posed to Appellee by Trooper Guzzi, and she then conveyed Appellee's responses back to Trooper Guzzi in English. *See id*., at 35-36.

In this manner, Appellee informed the troopers that Rosado had given them a different explanation for his possession of the truck than the one Appellee had himself previously received. At the time he was dispatched, Rosado had instructed Appellee to tell any inquiring law enforcement officers that Rosado had himself purchased the truck, and Appellee's job was to transport it to Hazleton, Pennsylvania, for purposes of delivering it to a buyer. *See id*., at 33.

Appellee was asked if Rosado's explanation to Trooper Guzzi was "truthful," and Appellee admitted "it was not truthful because the whole scenario ended up being a different scenario." *Id*. Of course, Appellee only knew that what Rosado told him was false because he had overheard Rosado contradicting himself when speaking to the troopers. *See id*.

The Commonwealth charged Appellee with three counts: receiving stolen property, driving without a license, and operating a vehicle on a highway with no rear lights. Appellee filed a motion for *habeas corpus* as to the offense of receiving stolen property, contending that a *prima facie* case had not been established because there was no evidence that he had the requite guilty knowledge. At the hearing on the motion, the Commonwealth elicited the above facts through the testimony of the arresting officers, Bolanos (the owner of the truck), and Jose Pena (the brother of Bolanos who contacted police to report that it was being towed by Appellee).

Appellee, in turn, presented the testimony of Rosado, his employer. Rosado testified that he owns and operates a towing business in New Jersey, and that he had purchased the subject truck from a third party a few weeks prior to the date of Appellee's arrest. Rosado produced a bill of sale for the truck, which was entered into evidence, but he was unable to supply the title for the vehicle. *See id*., at 39-41. According to Rosado, Appellee had nothing to do with the purchase of the truck or the means by which Rosado acquired it. *See id*., at 42-43, 55-56. It was only Appellee's job to bring the truck to a potential buyer in Pennsylvania. *See id*.[1]

_____

[1] Rosado further recounted that he had arranged for a meeting between himself, the owner of the truck, and the third party who purportedly sold Rosado the truck (Carlos Rubio). *See* N.T. Hearing, 5/23/2025, at 40, 46, 55. Evidently, the parties were not able to fully resolve their dispute as to whether Rosado had lawfully acquired possession of the truck from Rubio.

Appellee moved for *habeas corpus*, and the motion was granted; the receiving stolen property charge was then quashed. The Commonwealth timely appealed, and a single question was posed in its brief: "Did the [trial court] err as a matter of law in finding that the Commonwealth did not present a *prima facie* case for one count of Receiving Stolen Property, graded as a felony of the third degree?" Appellant's Brief, at 3.

The evidentiary sufficiency of the Commonwealth's *prima facie* case is an issue of law which subject to a *de novo* standard of review. **See Commonwealth v. Perez**, 249 A.3d 1092, 1102 (Pa. 2021). At a preliminary hearing, a defendant may contend that a *prima facie* case has not been established, rendering her arrest and detention unlawful. **See id**. (citing **Commonwealth v. McBride**, 595 A.2d 589, 591 (Pa. 1991)). "[T]he Commonwealth bears the burden of establishing at least a *prima facie* case that a crime has been committed and that the accused is **probably** the one who committed it." **Id**. (quoting **McBride**, 595 A.2d at 591) (emphasis in original).

"[A] *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury." **Id**. (quoting **Commonwealth v. Karetny**, 880 A.2d 505, 514 (Pa. 2005)).

- 4 -

It is not the trial court's role at a preliminary hearing to assign weight to the evidence or determine the credibility of witnesses. **See id**. The trial court must instead draw all reasonable inferences from the evidence in the light most favorable to the Commonwealth. **See id**. "The 'more-likely-than-not' test, must be applied to assess the reasonableness of inferences relied upon in establishing a *prima facie* case of criminal culpability." **Id**. (quoting **Commonwealth v. Wojdak**, 466 A.2d 991, 996 (Pa. 1983) (plurality)).

A person commits the offense of receiving stolen property if she: "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S.A. § 3925(a). In other words, a conviction for receiving stolen property requires the Commonwealth to prove beyond a reasonable doubt "that the property was stolen, that appellant was in receipt, possession or control of it, and that appellant had guilty knowledge, that is, that he knew or had reason to know that the property was stolen." **Commonwealth v. Grekis**, 601 A.2d 1275, 1280 (Pa. Super. 1992).

The guilty knowledge element of the offense may *not* be proven beyond a reasonable doubt solely by an inference arising from a defendant's mere possession of stolen property. **See Commonwealth v. Foreman**, 797 A.2d 1005, 1012 (Pa. Super. 2012); **see also Commonwealth v. Carter**, 332 A.3d 867, 874 (Pa. Super. 2025). However, guilty knowledge may be proven with circumstantial evidence. **See Foreman**, 797 A.2d at 1012.

The Commonwealth may prove a defendant's guilty knowledge through circumstantial evidence by several means, including:

> the place or manner of possession, alterations to the property indicative of theft, the defendant's conduct or statements at the time of arrest (including attempts to flee apprehension), a false explanation for the possession, the location of the theft in comparison to where the defendant gained possession, the value of the property compared to the price paid for it, or any other evidence connecting the defendant to the crime.

*Commonwealth v. Robinson*, 128 A.3d 261, 268 (Pa. Super. 2015) (*en banc*).

Here, at the preliminary hearing, the parties' central dispute was whether the Commonwealth had produced evidence that Appellee knew the truck he was towing had been stolen. The Commonwealth argues that Appellee's guilty knowledge of the truck's theft could be inferred because he knew that Rosado gave him a false "story" to tell police about how the truck was taken into possession. *See* Appellant's Brief, at 11-12. The trial court erred – so the Commonwealth's argument goes – because the credibility of witnesses was not yet at issue at the preliminary hearing stage, and the evidence had to be construed in the light most favorable to the Commonwealth. *See id*.

We find that the trial court did not err in granting Appellee's motion for *habeas corpus* on the count of receiving stolen property because there was no evidence presented at the preliminary hearing which tended to show that he knew the truck was stolen. Appellee admitted to the arresting officers at the

traffic stop that his employer, Rosado, instructed him to tell police the truck had been abandoned. However, the transcripts of the hearing indicate that it was only *after* Appellee heard Rosado speak with troopers over the phone (and not before) that Appellee learned Rosado had purchased the truck himself.

The Commonwealth did not elicit any evidence that Appellee knew prior to the traffic stop that the truck was stolen, or that Rosado had given him a false story to relay to police. *See* N.T. Hearing, 5/23/2025, at 32-56. In fact, Rosado testified that Appellee had nothing to do with the truck's purchase, *see id*., at 39-43, and the Commonwealth did not refute Rosado's account. Thus, the only evidence of Appellee's guilty knowledge is the fact that he was towing a stolen vehicle, and since mere possession is legally insufficient to prove the guilty knowledge element of receiving stolen property, the Commonwealth failed to sustain its burden of establishing a *prima facie* case as to that offense. *See Foreman*, 797 A.2d at 1012

Order affirmed.

Judge Lane joins the memorandum.

President Judge Emeritus Stevens files a concurring memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/29/2026

- 7 -