J-S61026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DERRICK SEDDEN, :
:
Appellant : No. 3182 EDA 2017

Appeal from the PCRA Order September 13, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013303-2010

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BOWES, J.: **FILED MARCH 13, 2019**

Derrick Sedden appeals from the order that denied his first Post

Conviction Relief Act ("PCRA") petition without an evidentiary hearing. After

careful review, we affirm.

A previous panel of this Court summarized the pertinent factual history

as follows:

> On July 29, 2010, at approximately 3:00 a.m., [Appellant]
> was driving south on Old York Road in Philadelphia in a gray
> Mitsubishi Galant, accompanied by two male passengers.
> Philadelphia Police Officers Robert Tavarez and Michael Gentile
> were driving behind the Galant. Officer Tavarez testified that the
> vehicle made a sharp turn onto Lycoming Street and parked with
> the passenger-side wheels completely on the curb. The officers
> checked the Galant's license plate and discovered it belonged to a
> stolen vehicle. The officers did not stop immediately because they
> were responding to another incident. Several minutes later, the
> officers returned and found the Galant parked where they had last
> seen it.

Officer Tavarez parked behind the Galant. Both officers exited the police car to investigate. [Appellant] was sitting in the driver's seat, but the passengers had left the vehicle. Officer Tavarez asked [Appellant] whether the car belonged to him, and [Appellant] stated that the car belonged to a friend but was unable to state the friend's name. [Appellant] did not have a key to the car and indicated that one of the passengers who had been in the car earlier took the keys with him. Officer Gentile testified to the condition of the vehicle, indicating that the car's radio was missing, the console was damaged, and no keys were present. The officers verified that the vehicle identification number matched the license plate belonging to the aforementioned stolen car. Officer [Tavarez] requested that [Appellant] get out of the vehicle. [Appellant] complied, with a crowbar in his hand, which he put down when asked to do so. However, when the officers attempted to arrest [Appellant], he resisted by flailing and kicking. The officers called a patrol wagon, which was necessary to assist them in taking [Appellant] into custody.

***Commonwealth v. Sedden***, 105 A.3d 47 (Pa.Super. 2014) (unpublished memorandum at 1-3), *appeal denied*, 102 A.3d 985 (Pa. 2014) (citations omitted).

On October 22, 2010, Appellant proceeded to his preliminary hearing, during which he was represented by counsel. At the hearing, the Commonwealth presented the testimony of Officer Tavarez and an affidavit from the owner of the stolen vehicle. At the conclusion of testimony and argument, the magistrate court held the charges of receiving stolen property ("RSP") and unauthorized use of a motor vehicle for trial.

On August 22, 2012, counsel filed a motion for continuance which included a request by Appellant to proceed *pro se.* On December 10, 2012,

the trial court held a ***Grazier***[1] hearing. At the end of the hearing, the court granted Appellant's request to proceed *pro se*. On December 27, 2012, Appellant filed a *pro se* motion to quash, entitled "Petition for *Habeas Co[r]pus*," which the trial court denied on February 1, 2013.

On May 7, 2013, Appellant proceeded to a bench trial acting *pro se* with stand-by counsel. Before making a closing argument, Appellant was granted permission to withdraw his *pro se* representation and have stand-by counsel take over the case. N.T. Trial, 5/7/13, at 58, 66-67. Stand-by counsel gave the defense closing argument and Appellant was found guilty of RSP and unauthorized use of a motor vehicle.

Prior to sentencing, Appellant filed a written motion to withdraw as *pro se* counsel and have stand-by counsel reappointed to represent him at sentencing. This motion was granted, and counsel continued to represent Appellant. On July 15, 2013, the court imposed an aggregate term of nineteen to thirty-eight months of incarceration followed by twenty-four months of probation.[2]

During the ten-day period in which a timely post-sentence motion could have been filed, Appellant sent a letter to counsel, requesting him to file a

---

[1] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[2] Although not raised by either party, our math indicates that Appellant may have ceased serving his sentence during the pendency of his PCRA proceedings. If this is true, Appellant would no longer be eligible for PCRA relief. Due to the lack of clarity in the record we will affirm on the merits for the reasons discussed out of an abundance of caution.

direct appeal. Appellant stated therein: "His Honor has denied a *habeas corpus* motion, an oral motion for extraordinary relief and a post-trial motion would probably be a waste of time." Letter, 7/13/13, at 1 (cleaned up). No post-sentence motion was filed. However, counsel filed a timely appeal challenging the sufficiency of the evidence, and this Court affirmed the judgment of sentence. **Sedden**, **supra**.

Appellant filed a timely *pro se* PCRA petition, and appointed counsel filed an amended petition. The PCRA court[3] denied Appellant's PCRA petition without a hearing, and this timely appeal followed. Appellant filed his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and the PCRA court filed its Pa.R.A.P. 1925(a) opinion.

Appellant presents the following questions for this Court's review.

I. Whether the court erred in not granting relief on the PCRA petition alleging [c]ounsel was ineffective for failing to file a [m]otion to [q]uash prior to the preliminary hearing.

II. Whether the court erred in not granting relief on the issue of counsel's ineffectiveness for failing to file post-sentence motions that the verdict was against the weight of the evidence.

III. Whether the [c]ourt erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding [c]ounsel's ineffectiveness.

Appellant's brief at 8.

_____

[3] A different judge sat as the PCRA court due to the trial judge's retirement.

We begin with the relevant law. "When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." *Commonwealth v. Jordan*, 182 A.3d 1046, 1049 (Pa.Super. 2018). In evaluating a PCRA court's decision, our scope of review is limited to the findings of the PCRA court supported by the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Commonwealth v. Colavita*, 993 A.2d 874, 886 (Pa. 2010). We may affirm a PCRA court's decision on any grounds supported by the record. *Commonwealth v. Fisher*, 870 A.2d 864, 870 n.11 (Pa. 2005).

As our Supreme Court stated, "[t]o be entitled to PCRA relief, a petitioner bears the burden of establishing, by a preponderance of the evidence, that his conviction or sentence resulted from one or more circumstances enumerated in 42 Pa.C.S. § 9543(a)(2)[.]" *Commonwealth v. Mason*, 130 A.3d 601, 607 (Pa. 2015). Those circumstances include ineffective assistance of counsel. 42 Pa.C.S. § 9543(a)(2)(ii). Our Supreme Court has explained the applicable legal principles relating to the right to constitutionally-effective counsel as follows:

> to succeed on an ineffectiveness claim, a petitioner must establish that: the underlying legal claim has arguable merit; counsel had no reasonable basis for her action or inaction; and the petitioner suffered prejudice as a result. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is

a probability sufficient to undermine confidence in the outcome of the proceeding.

***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012) (citations and quotations omitted).

In his first issue, Appellant argues that his counsel was ineffective for failing to file a motion to quash the indictment asserting that the Commonwealth did not meet its *prima facie* burden of proof on the RSP charge at the preliminary hearing. Specifically, Appellant alleges that the Commonwealth failed to establish that Appellant had possession of stolen goods or that he received them knowing, or having reasonable cause to know, that they were stolen. He asserts that "just sitting in the driver's seat of a vehicle without keys or any damage fails to establish possession . . . [or] to put Appellant on notice that the vehicle could be stolen." Appellant's brief at 15. Notably, Appellant concedes that he filed an unsuccessful *pro se* motion to quash, but alleges that the outcome of the motion would have been different if counsel had litigated it.

The Commonwealth responds that Appellant was acting *pro se* when he filed the motion and cannot challenge his own ineffectiveness. Alternatively, the Commonwealth asserts that Appellant suffered no prejudice because, while acting *pro se*, Appellant filed an unsuccessful motion to quash and has offered no explanation as to how a counseled motion to quash would have resulted in a different outcome. Commonwealth's brief at 9. The PCRA court agreed with the Commonwealth, holding that Appellant could not assert his

own ineffectiveness, but alternatively finding that Appellant did not suffer any prejudice as the Commonwealth established a *prima facie* case at the preliminary hearing. Trial Court Opinion, 12/18/17, at 4-5.

Initially, we observe that the PCRA court and Commonwealth misconstrue Appellant's assertion. Appellant is not seeking to invoke his own ineffectiveness. Plainly, Appellant contends that counsel was ineffective for failing to file a motion to quash the indictment during the two years that counsel represented Appellant after the preliminary hearing. Indeed Appellant posits that, had his attorney presented a motion to quash, it would have been granted. Hence, we reject the notion that Appellant's instant claim seeks to assail his self-representation. However, we agree with the PCRA court's conclusion that Appellant cannot establish that he suffered any prejudice due to counsel's failure to file a motion to quash.

At the pretrial stage of a criminal prosecution, it is not necessary for the Commonwealth to prove a defendant's guilt beyond a reasonable doubt; instead, its burden is to put forth a *prima facie* case of the defendant's guilt. **Commonwealth v. McBride**, 595 A.2d 589, 591 (Pa. 1991). A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged, establishing sufficient probable cause to warrant the belief that the accused committed the offense. **Id**. The evidence need only be such that if presented at trial and accepted as true, the

judge would be warranted in permitting the case to go to the jury. *Commonwealth v. Marti*, 779 A.2d 1177, 1180 (Pa.Super. 2001).

A prosecution for a charge of RSP requires proof of the following elements:

> **(a)  Offense defined.**—A person is guilty of theft if he intentionally receives retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S. § 3925(a).

At the preliminary hearing, the Commonwealth presented the testimony of Officer Tavarez who observed Appellant driving a vehicle that had been reported as stolen, and parking it up on the sidewalk of a street.  N.T. Preliminary Hearing, 10/22/10, at 5.  After completing a different assignment, he returned to the vehicle where Appellant was still sitting in the driver's seat. *Id*. at 7.  Appellant told Officer Tavarez that the vehicle belonged to a friend, but did not have the keys needed to operate the vehicle. *Id*.  In addition to Officer Tavarez's testimony, the Commonwealth submitted an affidavit from the owner of the stolen vehicle wherein she stated that the car had been stolen, she did not know Appellant, and had not given him permission to use her vehicle. *Id*. at 10.  After recovering her vehicle, the owner noticed that the steering column was damaged and the vehicle was missing the CD player and GPS system. *Id*. at 9.

A review of the preliminary hearing transcript reveals that the PCRA court properly determined that the trial court had an adequate basis for concluding that the evidence presented at the preliminary hearing established a *prima facie* case for RSP. Trial Court Opinion, 12/18/17, at 5. Appellant's characterization of the evidence against him as only constituting the officer's observation of him sitting in a stationary vehicle is incorrect. The officer testified that he also observed Appellant driving and parking the stolen vehicle, which Appellant did not have authorization to use. ***Id***. at 5, 10. Further, Appellant offered an inadequate explanation for why he had possession of the vehicle, without the keys. ***Id***. at 7. This probative evidence, which the preliminary hearing and trial courts were free to believe, established a *prima facie* case that Appellant committed the charged offenses. Therefore, the PCRA court's holding that Appellant was not prejudiced by counsel's failure to file a motion to quash was proper. Appellant's claim fails. ***See King***, ***supra*** (providing that petitioners must establish prejudice in order to prevail on ineffectiveness claims).

In his second issue, Appellant alleges that counsel provided ineffective assistance by failing to file a post-sentence motion challenging the weight of the evidence. Appellant argues that his convictions were against the weight of the evidence because Officer Taverez's testimony lacked credibility. Appellant's brief at 18. The Commonwealth responds that this claim is meritless due to the absence of any evidence that Appellant ever requested

counsel to file a post-sentence motion. Commonwealth's brief at 9. In addition, the Commonwealth highlights that Appellant suffered no prejudice from the omission, as the weight of the evidence claim lacked arguable merit. *Id*. The PCRA court adopted the Commonwealth's position.

Again, the PCRA court misconstrues the record. The PCRA court found that Appellant acted *pro se*. Trial Court Opinion, 12/18/17, at 5. However, the record demonstrates that Appellant was represented by counsel during sentencing, throughout the post-sentence period, and on appeal. The PCRA court also improperly found that Appellant's ineffective assistance claim was meritless on the basis that Appellant "stated specifically" that he did not want to file any post-trial motions in his correspondence with counsel.[4] Trial Court Opinion, 12/18/17, at 6. Although we conclude that the PCRA court erred as seen above, we agree with its ruling that the underlying weight of the evidence claim lacks merit.

It is well-settled that a weight of the evidence claim must be preserved in a timely post-sentence motion before the trial court. ***Commonwealth v.***

---

[4] Appellant asked counsel to challenge certain aspects of his case, but it was up to counsel to evaluate the case and determine the proper course of action. In the letter, Appellant stated that the trial court denied his motion to quash and motion for extraordinary relief. He opined that those results led him to think that "a post-trial motion would probably be a [waste] of time." Letter, 7/13/13, at 1. Appellant's opinion as to the route counsel could take to challenge the verdict and sentence does not excuse counsel from preserving issues in a post-sentence motion. Therefore, to the extent that the PCRA court relied upon Appellant's letter in order to attribute a reasonable basis for counsel's inaction, it was error.

- 10 -

*Sherwood*, 982 A.2d 483, 494 (Pa. 2009); Pa.R.Crim.P. 607. However, with respect to a claim of ineffective assistance of counsel regarding the failure to file post-sentence motions, our Supreme Court has stated that:

> [There is a] distinction between errors which completely foreclose merits review and those which merely "narrow its ambit." Thus, [the Court] [has] held an attorney's failure to file a post-sentence motion preserving a particular sentencing claim "did not operate to entirely foreclose appellate review," but merely "waive[d] those claims subject to issue preservation requirements which were not otherwise properly preserved."

*Commonwealth v. Rosado*, 150 A.3d 425, 432 (Pa. 2016) (citations omitted). Therefore, in order to obtain relief on his ineffectiveness claim, Appellant must still demonstrate that the verdict was against the weight of the evidence such that he was prejudiced by counsel's failure to file the post-sentence motion. *Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa.Super. 2011) ("Counsel's failure to file post-sentence motions [does] not fall within the narrow ambit of ineffectiveness claims requiring no finding of prejudice.")

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000).

> [O]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. A new trial is warranted in this context only when the verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

*Commonwealth v. Konias*, 136 A.3d 1014, 1022 (Pa.Super. 2016)

(citations, quotation marks, and quotations omitted).

The PCRA Court found that the trial court properly assessed the evidence

and based the guilty verdict upon that evidence:

> Officer Tav[a]rez testified that on July 29, 2010, he observed [Appellant] sitting in a vehicle parked illegally on his way to responding to another call. After he finished with that call within a few minutes, Officer Tav[a]rez returned to find [Appellant] still in the vehicle. When Officer Tav[a]rez asked [Appellant] whether the car belonged to him, [Appellant] stated that the car belonged to a friend but was unable to state the friend's name. Officer Tav[a]rez and his partner verified that the vehicle identification number matched the license plate belonging to stolen car, noted the radio was missing, the console was damaged, and the keys were missing. The officers asked [Appellant] to exit the vehicle. [Appellant] did so with a crowbar in hand, but dropped it upon request. When the officers attempted to arrest [Appellant], he resisted by flailing and kick[i]ng. A patrol wagon was called, which was necessary to assist the officers in taking [Appellant] into custody. Subsequently, [Appellant] testified that he was drunk and high when he met a man he did not know who invited him into the vehicle in order to purchase crack cocaine. [Appellant] asserted he was the passenger in the vehicle and that he moved into the driver's seat of the car to wait for the driver to return because people on a nearby porch were shooting him with BB guns. At trial, [Appellant] stipulated that Chungja Chung owned the vehicle and [Appellant] did not have permission to use the vehicle.
>
> . . .
>
> Here, [Appellant's] sole argument was that Officer Tav[a]rez's testimony was incredible. [Appellant] argued he does not believe [Officer] Tav[a]rez's stated reason for arriving at the scene, and argued that [Officer] Tav[a]rez could not have seen the color of his shirt at night. [Appellant] also argued that Officer Tav[a]rez was not credible because additional facts [concerning Appellant's possession of a crowbar] were gathered on cross-examination that did not come out on direct examination. To the extent that any

of Officer Tav[a]rez's testimony contained contradictions, the fact-finder's apparent finding that Officer Tav[a]rez was credible does not shock the conscience.

Trial Court Opinion, 12/18/17, at 6-7.

We discern no abuse of discretion in the PCRA court's rejection of Appellant's weight of the evidence claim. The crux of Appellant's weight claim is that Officer Tavarez's testimony is not credible. He points to the fact that the officer did not mention during direct examination that Appellant was holding a crowbar, and that the officer identified Appellant by his shirt color when it was dark inside the interior of his vehicle. Appellant's brief at 18-19. Appellant also assails Officer Tavarez's stated purpose for being in the area, which was that he was investigating a different case. *Id*.

While Appellant is correct that Officer Tavarez did not talk about a crowbar during direct examination, Officer Tavarez was not asked about this aspect of the arrest until cross-examination. N.T. Nonjury Trial, 5/7/13, at 33. Also, the only difference between the testimony of Appellant and Officer Tavarez regarding the crowbar was whether Appellant dropped the crowbar outside or inside the vehicle. *Id*. at 34, 49. Both witnesses agreed that Appellant possessed it.

Appellant's second argument is unconvincing insofar as it completely fails to acknowledge Officer Tavarez's redirect examination. Importantly, Officer Tavarez testified that he was able to see the shirt colors of the occupants of the car, "for the same reason he could read the tag," because

the area was well-lit. *Id*. at 37. There were street lights and traffic lights along the route of travel, the officer had the head lights on his patrol vehicle illuminated, and an unobstructed view of the vehicle. *Id*. at 39-40.

Finally, Appellant finds issue with Officer Tavarez's reasoning for being in the area, which was to complete a different assignment. This claim fails for at least two reasons. First, Appellant offers no evidence, except for his own testimony, that would impeach Officer Tavarez's reason for being in the area. Second, Officer Tavarez's stated purpose for being in the area is an extraneous issue that did not factor into the trial court's ultimate assessment of credibility. *Id*. at 29.

Based on our review of the certified record, we conclude that the PCRA court did not abuse its discretion in determining that there is no merit to Appellant's underlying weight of the evidence claim. Accordingly, Appellant is not entitled to relief on his claim that trial counsel was ineffective for failing to file a post-sentence motion preserving that claim for appeal. *Commonwealth v. Spotz*, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim.").

In Appellant's final issue, he contends that the PCRA court erred in dismissing his petition without a hearing. However, the PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the petitioner is not entitled to post-conviction collateral relief, and no legitimate purpose

would be served by further legal proceedings." ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011); Pa.R.Crim.P. 907. In order "to obtain reversal of a PCRA court's decision to dismiss a petition without hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." ***Id***. (quoting ***Commonwealth v. D'Amato***, 856 A.2d 806, 820 (Pa. 2004)).

We conclude that the PCRA court did not abuse its discretion in finding that Appellant failed to present any genuine issues of material fact that would entitle him to an evidentiary hearing. As the certified record supports the court's conclusion that counsel was not ineffective for failing to file a pretrial motion to quash the indictment or a post-sentence motion preserving a weight claim, we do not disturb the order denying Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/19

- 15 -